UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKILAH MARTIN, INDIVIDUALLY, AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS,

Plaintiff,

v.

61ST STREET SERVICE CORPORATION,

Defendant.

**NOTICE OF REMOVAL**

Supreme Court
County of New York
Index No. 159850/2026

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant 61st Street Service Corporation ("Defendant"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby removes this matter from the Supreme Court of the State of New York, County of New York, Index No. 159850/2026, to the United State District Court for the Southern District of New. In support of this removal, Defendant states:

**BACKGROUND**

1. Plaintiff Akilah Martin ("Plaintiff") filed the Complaint ("Complaint") in this matter against Defendant on or about August 5, 2026, in the Supreme Court of the State of New York, County of New York, Index No. 159850/2026. A copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff is a named Plaintiff proceeding on behalf of other similarly situated individuals, and Defendant is the only named Defendant in the Complaint.

3. Plaintiff alleges in her Complaint that Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 207 and 206 for failure to pay proper overtime wages and failure to pay the minimum wage. Plaintiff also alleges in her Complaint that Defendant violated the

following sections of the New York Labor Law ("NYLL") and the New York Codes, Rules and Regulations ("NYCRR"): (1) NYLL §§ 190 and 650 and 12 NYCRR 142 for alleged failure to pay proper overtime wages; (2) NYLL § 650 and 12 NYCRR 142 for alleged failure to pay minimum wage and reimburse business expenses; (3) NYLL § 191 for alleged failure to pay timely wages; (4) NYLL § 195 for alleged failure to provide proper notices upon hiring ; and (5) NYLL § 195 for alleged failure to provide proper wage statements.

4. On September 29, 2026, Bond, Schoeneck & King, PLLC accepted service of Plaintiff's Summons and Complaint on behalf of Defendant. Bond, Schoeneck & King, PLLC was authorized by Defendant to accept service on its behalf. An executed Acknowledgement of Service is attached as **Exhibit 2**.

5. Any other pleadings or papers served upon Defendant or filed on the docket for the New York State Supreme Court are attached as **Exhibit 3**.

## JURISDICTION

6. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Removal in this case is now proper because the Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## FEDERAL QUESTION JURISDICTION

8. Plaintiff brings two causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq.

9. Because Plaintiff's claims under the FLSA arise under the laws of the United States, this action presents a federal question within the meaning of 28 U.S.C. § 1331. Accordingly, this Court has original jurisdiction over this action, and removal is proper pursuant to § 28 U.S.C. §§ 1441(a) and 1446.

## SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

10. 28 U.S.C. § 1367 provides that "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

11. Plaintiff's state law claims under New York Labor Law arise from the same common nucleus of operative facts as Plaintiff's claims under the FLSA. Specifically, both sets of claims arise from Plaintiff's employment with Defendants and the same alleged payment practices.

12. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, and removal of all claims is appropriate.

## REMOVAL IS TIMELY AND PROPER

13. Removal is proper because Defendants may remove a case when, upon its own independent investigation, it determines that the case is removable. *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 148 (2d Cir. 2014); *see also Tilton v. MBIA Inc.*, 620 B.R. 707 (S.D.N.Y. 2020) (holding removal is proper under *Cutrone* outside CAFA context based upon defendant's independent investigation).

14. Plaintiff filed the Complaint on August 5, 2026. (Exhibit 1). Defendant was served on September 29, 2026. Therefore, Defendant is removing this case within thirty (30) days of service, as required by 28 U.S.C. § 1446(b)(1).

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1446 and 1453, as the Supreme Court of the State of New York, County of New York is located within the district of the Southern District of New York. 28 U.S.C. § 112(b).

16. Defendant is the only named Defendant in this Complaint and consents to removal of this action.

## FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders are attached to this Notice of Removal as **Exhibits 1-3.**

18. By virtue of this Notice of Removal, Defendant does not waive its rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and Defendant reserves any and all such rights.

19. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of New York.

20. Based on the foregoing, this Court has original jurisdiction of this case. Removal of this Court is proper.

WHEREFORE, Defendant respectfully prays that this Notice of Removal be deemed good and sufficient.

Dated: October 19, 2026

Respectfully submitted,

By: _/s/ Rebecca K. Kimura_______________

Rebecca K. Kimura Esq.
Lindsay K. McCarthy, Esq.
Bond Schoeneck & King PLLC
600 Third Avenue, 22nd Floor
New York, New York 10016
Tel: (646) 253-2300
Fax: (646) 253-2301
Email: rkimura@bsk.com
lmccarthy@bsk.com

*Attorneys for Defendant*